# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 50301 | **DATE** | 6/18/2013 |
| **CASE TITLE** | Ellis Henderson (A-01615) vs. Meyers, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendants' motion to dismiss is granted in part and denied in part. Defendants' motion as to lack of facts sufficiently alleging personal involvement by Godinez and Benton is granted. They are dismissed from the suit. Defendants' motion to dismiss based on a lack of facts alleging Meyers' personal involvement, the statute of limitations, and failure to allege a constitutional violation is denied. Meyers remains as the only defendant in this lawsuit. Counsel for the parties are to confer with their clients and be prepared at the next status hearing before the Magistrate Judge to discuss settlement of this case.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

On December 23, 2009, plaintiff Ellis Henderson, an inmate at the Dixon Correctional Center in Dixon, Illinois, filed a three-count complaint pro se under 42 U.S.C. § 1983 against Wendy Meyers, the DCC mail room supervisor; Sherri Benton, DCC grievance officer; and Roger Walker, Director of the Illinois Department of Corrections. S.A. Godinez, Walker's successor, was substituted as a party pursuant to Fed. R. Civ. P. 25(d). After having counsel appointed, plaintiff filed a first amended complaint, alleging that defendants violated his rights under the First Amendment by blocking delivery of 37 publications to which he subscribed. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Defendants now move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted on three grounds. They first assert plaintiff failed to sufficiently allege defendants' personal involvement in diverting the publications. Second, defendants contend that the statute of limitations has run with respect to 34 of the 37 subscriptions. Third, assuming that the court finds in their favor with respect to their second argument, defendants argue that the diversion of three publications fails to rise to the level of a constitutional injury.

Dismissal for failure to state a claim under Rule 12(b)(6) is proper when the allegations in a complaint, however true, could not raise a claim of entitlement to relief. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2012). The complaint must contain allegations that state a claim to relief that is facially plausible; that is, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court construes all allegations as true and draws all reasonable inferences in plaintiff's favor. *Id.*

The free speech clause of the First Amendment applies to communications between a prison inmate and an outsider. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). Prisoners have a First Amendment right to receive and read newspapers and periodicals "in the absence of restrictions premised upon the legitimate goals and objectives of institutional confinement." *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987). A prisoner asserts a valid First Amendment claim by alleging a "continuing pattern or repeated occurrences of" untimely mail delivery.

**STATEMENT - OPINION**

*Zimmerman*, 226 F.3d at 572. Mere "[a]llegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." *Id.* at 573.

According to the amended complaint, Meyers and Benton were employed at the Dixon Correctional Center. Their duties included inspecting, supervising and directing mail at the prison. As Director of IDOC, Walker controlled the policies and procedures under which Meyers and Benton carried out their duties. Plaintiff ordered and paid for 37 subscriptions to publications, which included mostly trade journals. He purchased 14 subscriptions in 2005, 15 in 2006, four in 2007, two in 2008, and one in 2009 and 2010 each. Plaintiff alleges that at first the United States Postal Service delivered the mail to the DCC and subsequently distributed to him without incident. According to plaintiff's declaration[1] attached to the amended complaint, delivery of the publications ceased beginning in approximately October 2007.[2] Plaintiff found some of the periodicals that he should have but did not receive in the prison library. Plaintiff alleges that defendants are responsible for blocking delivery of the plaintiff's periodicals to him.

Prior to filing this suit plaintiff filed a grievance, which was denied.[3] He subsequently appealed to "Inmate Issues," located in Springfield, Illinois. In September 2008, plaintiff received notice that his appeal was denied. Plaintiff does not specify when he commenced the grievance process, but does state that he answered a question from "Inmate Issues" in December of 2007 or January 2008.

Defendants first contend that plaintiff failed to sufficiently plead their personal involvement in the alleged deprivation of his First Amendment rights. A prison official cannot be held liable under Section 1983 under the theory of *respondeat superior*. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (citation omitted). "An individual must be found to have personally caused or participated in the alleged constitutional deprivation in order to be held liable under § 1983." *Van den Bosch v. Raemisch*, 658 F.3d 778, 786 n.9 (7th Cir. 2011).

Plaintiff alleges that his subscriptions arrived to the DCC via United States Postal Service, and that the mail was distributed at Meyers' direction. The amended complaint goes on to state that "as time passed, rather than distributing the Plaintiff's subscriptions to him, on information and belief, the Defendant otherwise diverted the publications." These allegations are sufficient to establish the necessary "causal connection or affirmative link between the action complained about and" Meyers, "the official sued . . . ." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

However, plaintiff fails to allege plausible facts establishing that Walker or Benton were personally involved in diverting plaintiff's publications. Although the amended complaint alleges that Benton retained the same duties with respect to mail distribution within the DCC, plaintiff fails to allege any facts plausibly suggesting that Benton, a DCC grievance officer, would be charged with such duties. The court therefore grants defendants' motions to dismiss as to Godinez and Benton.

Defendants next contend that the statute of limitations has run with respect to all but the three most recent subscriptions purchased. Generally, "because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030. A plaintiff is not required to allege facts in anticipation of an affirmative defense. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). A Rule 12(b)(6) dismissal may be appropriate only "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c).").

In Illinois, the statute of limitations period for a Section 1983 claim is two years. *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 766 (7th Cir. 2013). A Section 1983 claim accrues when the plaintiff knows or should know that his constitutional rights have been violated. *Logan*, 644 F.3d at 582. "To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Id.*

Defendants contend that the statute of limitations precludes suing on the basis of the 34 subscriptions purchased before December 23, 2007, two years prior to the commencement of this lawsuit. This argument misunderstands the basis of plaintiff's First Amendment injury. To state a claim, plaintiff must state facts showing a "continuing pattern or repeated occurrences" of being deprived of his mail. *Zimmerman*, 226 F.3d at 572. Hence, plaintiff did not suffer a constitutional harm at the moment he purchased the subscriptions, or while he was regularly

**STATEMENT - OPINION**

receiving his publications. Plaintiff's claim did not accrue until approximately October 2007, when his subscriptions were repeatedly diverted from him. Accordingly, the statute of limitations begins to run from that date.

This does not end the inquiry, because the statute of limitations was tolled while plaintiff was exhausting his administrative remedies. Under the Prison Reform Litigation Act, prisoners must first exhaust available administrative remedies prior to filing a Section 1983 suit. 42 U.S.C. § 1997e(a); *Santiago v. Anderson*, 496 Fed. App'x 630, 637 (7th Cir. 2012). In Illinois, the statute of limitations is tolled for the duration of the PLRA administrative process. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

It appears from the limited record before this court that plaintiff initiated the grievance procedure at the latest December 2007 or January 2008, when he responded to the "Inmate Issues" inquiry. His appeal was denied on September 2008. Accordingly, the statute of limitations was tolled at least 9 months. Plaintiff filed suit on December 23, 2009. Adding the months from the time plaintiff's claim accrued in October 2007 to the time he filed suit on December 23, 2009, and subtracting the 9 months that were tolled while plaintiff was exhausting his administrative remedies, plaintiff sat on his claim at most 17 months after it had accrued. Because plaintiff filed his claim within the limitations period, once factoring the time necessary to exhaust his administrative remedies, defendants' motion to dismiss on these grounds is denied without prejudice to raise this as a defense.

Finally, defendants move to dismiss plaintiff's claim for failure to allege continuing or repeated misconduct that rises to a constitutional violation. This argument was premised on defendants prevailing on their motion to dismiss the claim as it pertained to 34 of the subscriptions. In light of the court's finding that the statute of limitations does not limit plaintiff's claim, the court is satisfied that plaintiff's failure to receive 37 publications in the mail constitutes a "continuing pattern" or "repeated occurrences of" untimely mail delivery. *Zimmerman*, 226 F.3d at 572. Defendants' motion to dismiss on these grounds is denied.

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Defendants' motion as to lack of facts sufficiently alleging personal involvement by Godinez and Benton is granted. They are dismissed from the suit. Defendants' motion to dismiss based on a lack of facts alleging Meyers' personal involvement, the statute of limitations, and failure to allege a constitutional violation is denied. Meyers remains as the only defendant in this lawsuit. Counsel for the parties are to confer with their clients and be prepared at the next status hearing before the Magistrate Judge to discuss settlement of this case.

---

1. Plaintiff labels the document as an affidavit despite it not being notarized. The court construes the submission as a declaration because it contains plaintiff's signature, the statements were made under penalty of perjury, and plaintiff verified the truth of his assertions. *Shoemaker v. Unites States DOJ*, 121 Fed. App'x 127, 129 n.1 (7th Cir. 2004).

2. The amended complaint states that "[i]nitially, the Plaintiff did receive some issues of his subscriptions and states in his [declaration] that this went on for a period of four years." The declaration, first submitted into the record on October 13, 2011, states, "Wendy Meyers has consistently denied Plaintiff Ellis Henderson, personal mail, legal mail and Trade Journal[s], and other magazines for a period of four years." "[W]hen a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004). Accordingly, the facts alleged in the declaration prevail.

3. The first amended complaint references the original pro se complaint, in which plaintiff alleged that he had exhausted his administrative remedies prior to filing this lawsuit. The court treats the original complaint as an exhibit and incorporates the facts alleged therein.