IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Ellis Henderson, | ) | |
|---|---|---|
| | ) | Case No. 09 C 50301 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Wendy Meyer, et al., | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant Wendy Meyer's motion for summary judgment [82] is granted. The cause is dismissed in its entirety.

## STATEMENT-OPINION

On December 23, 2009, plaintiff, Ellis Henderson, an inmate at the Dixon Correctional Center ("DCC"), filed a three-count complaint *pro se* under 42 U.S.C. § 1983. In his complaint, plaintiff originally named Wendy Meyer, the DCC mail room supervisor, Sherri Benton, a DCC grievance officer, and Roger Walker, the Director of the Illinois Department of Corrections, as defendants. After the court appointed counsel, plaintiff filed an amended complaint. In it, he alleged all three defendants were liable because they violated his First Amendment rights by preventing thirty-seven of his subscription publications to be delivered to him while he was incarcerated.

On March 13, 2013, defendants collectively moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* [61]. Ultimately, the court granted the motion as to all defendants except for defendant Meyer. *See* [73]. In the court's opinion, it determined that plaintiff had alleged sufficient facts to suggest Meyer could be personally involved in plaintiff's alleged constitutional deprivation. *See id.*

The parties have completed discovery and Meyer has moved for summary judgment. Her motion is currently before the court.

On summary judgment, the court construes all facts and draws all inferences in the light most favorable to the non-moving party. *Schepers v. Commissioner, Indiana Dept. of Corrections,* 691 F.3d 909, 913 (7th Cir. 2012). The court does not weigh evidence or determine the credibility of witness testimony. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th

1

Cir. 2011). Instead, the court only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). That said, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In his amended complaint, plaintiff alleges that he paid for a number of publications which arrived in the mail at the DCC, but were never delivered to him. He claims he did not receive these publications because Meyer failed to properly distribute them. Plaintiff states he discovered some of his publications in the library and at the barbershop at the DCC. He contends a portion of these publications had his name and his correct Illinois Department of Corrections ("IDOC") identification number on the front cover, but others had only his name and an incorrect IDOC number. Plaintiff believes defendant Meyer intentionally took his publications and "pass[ed] them around" the DCC because "she could." Pl.'s Dep. at 29; [84-1] at 9. These allegations form the basis of plaintiff's First Amendment claim under 42 U.S.C. § 1983. [40] at 1-3.

Plaintiff now also seems to allege that he has been retaliated against for filing the instant suit. Pl.'s Dep. at 79-80; [84-1] at 21. At his deposition, plaintiff testified that his phone and mail privileges were cut off after he filed this case. *See id.* He also claimed that the mail room retaliated against him. *Id.* However, the amended complaint is void of any allegations which suggest plaintiff is asserting a retaliation claim under 42 U.S.C. § 1983. See [40]. Regardless, for the reasons more fully articulated below, the court finds plaintiff cannot sustain a retaliation claim under Section 1983 and all of his claims against Meyer fail.

"As a general rule, prisoners have a constitutionally-protected interest in their incoming and outgoing mail correspondence." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (citations omitted). Indeed, "the free-speech clause of the First Amendment applies to communications between an inmate and an outsider." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (citing *Martin v. Brewer*, 830 F.2d 76, 77 (7th Cir. 1987)). However, prison officials may impose restrictions on prisoner correspondence if the restrictions are "reasonably related to legitimate penological interests." *Van den Bosch*, 658 F.3d at 785 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

In the instant case, plaintiff claims that he is entitled to relief because defendant Meyer violated plaintiff's First Amendment rights by failing to deliver his mail. In her motion for summary judgment, Meyer argues plaintiff's conclusory allegations and self-serving deposition testimony are insufficient to withstand summary judgment. She also argues that summary judgment is appropriate because plaintiff has acknowledged that a portion of the publications he found throughout the DCC did not bear his correct IDOC number. Meyer contends the Seventh Circuit's decision in *Horton v. O'Sullivan*, 234 F.3d 1273, 2000 WL 1597793 (7th Cir. 2000) supports her position. The court agrees.

2

In *Horton*, (an unpublished opinion from the Seventh Circuit Court of Appeals), the Seventh Circuit affirmed a district court's decision to grant a prison official defendant summary judgment on a prisoner's Section 1983 claim. *See id.* There, the prisoner claimed that his First Amendment rights had been violated because individual officers at the prison where he was incarcerated had mishandled his mail. *Id.* at *2. However, to support his allegations, the prisoner only produced conclusory affidavits that his mail was mishandled. He failed to produce evidence or otherwise present "specific facts [to] show[] that there [was] a genuine issue for trial." *Id.* (citing Fed. R. Civ. P. 56(e)). As a result, the Seventh Circuit affirmed the district court's award of summary judgment in favor of the defendant prison officials. *Id.*

The same is true in this case. Plaintiff has failed to produce evidence that Meyer has lost or otherwise mishandled his mail. Instead, the only support plaintiff has provided is his deposition testimony. At his deposition, plaintiff testified that the reason he believed Meyer was diverting his mail was because "she could." Pl.'s Dep. at 73-74; [84-1] at 20.

Simply asserting that Meyer diverted plaintiff's mail because she could is insufficient to withstand summary judgment. *See* Fed. R. Civ. P. 56(e). It is well established that to survive summary judgment, a plaintiff cannot merely "rest on his allegations; [and instead] must come forward with specific facts that would support a jury's verdict in his favor." *Kaufman v. Schneiter*, 524 F. Supp. 2d 1101, 1110 (W.D. Wis. 2007) (citing *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005)). Plaintiff has not done so here.

In his response to Meyer's Local Rule 56.1 statements of material fact, plaintiff admits that all of the facts Meyer set forth in her 56.1 statement are accurate. *See* [90] ¶ 1. He does not dispute any of these statements and instead argues the statements indicate that issues of fact remain. *See id.* The court disagrees.

In Meyer's statements, she avers that she never diverted, lost, or stole any of plaintiff's mail and did not direct anyone else to do so. *See* [84] ¶ 34 (citing Meyer Dep. at 7-8; [84-2] at 2). She swears that she has never sent any of plaintiff's mail to the library or barbershop, and states that plaintiff has never witnessed her divert any of his mail or throw his mail in the trash. *See* [84] ¶¶ 31-33. Plaintiff does not dispute any of these facts and in fact, at his deposition, plaintiff testified that he never saw Meyer mishandle his mail, and instead believed Meyer was giving his publications to others because an unknown officer told him that he "didn't know what [he] was getting." [84-1] at 20; *see also* [90] ¶ 1. This is not enough to survive summary judgment.

To prevail on his Section 1983 claim, plaintiff must demonstrate that Meyer was personally responsible for depriving him of his First Amendment rights. *See Brown v. Hertz*, 437 Fed. Appx. 496, 500 (7th Cir. 2011). It is insufficient for plaintiff to sustain a claim merely based on his allegation that Meyer was the mail room supervisor and diverted his mail because "she could." Pl.'s Dep. at 73-74; [84-1] at 20; *see also Schneiter*, 524 F. Supp. 2d at 1110 (granting summary judgment to a prison official defendant because the plaintiff failed to come

3

forward with specific facts to establish the defendant's personal involvement in the alleged failure to deliver mail.). While the court determined that plaintiff had sufficiently alleged Meyer's personal involvement in his amended complaint, the standard of review at summary judgment is not the same as the standard of review at dismissal. The difference in standards appears to be a source of confusion for plaintiff. In his response to Meyer's motion for summary judgment, plaintiff relies on *Sizemore v. Williford*, 829 F.2d 608 (7th Cir. 1987) and *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000) to support his arguments that summary judgment should be denied. *See* [90] ¶¶ 2-4. However, both *Sizemore* and *Zimmerman* were cases that were decided at the dismissal stage, not summary judgment. *See Sizemore*, 829 F.2d at 611-12; *Zimmerman*, 226 F.3d at 572-73. Thus, plaintiff's reliance on the two cases is misplaced.

Specifically, plaintiff contends that his allegations of "repeated occurrences" involving mishandled mail are sufficient to survive summary judgment. He claims these allegations distinguish his case from *Zimmerman* where the prisoner only claimed a few isolated instances of mishandled mail. However, the court in *Zimmerman* held that the plaintiff needed to allege more than a few isolated instances to survive dismissal, not summary judgment. *Zimmerman*, 226 F.3d at 572-73.

In this case, plaintiff has already survived dismissal and now must present specific facts to illustrate that genuine issues of material fact remain that preclude the entry of summary judgment. *See* Fed. R. Civ. P. 56(c). Plaintiff has failed to do so. Accordingly, the court finds Meyer is entitled to summary judgment on plaintiff's Section 1983 First Amendment claim. *See* Fed. R. Civ. P.(e); *see also Kaufman v. Karlen*, No. 06-C-205-C, 2007 WL 1821098 at *22 (W.D. Wis. June 21, 2007) (granting defendants summary judgment to the defendant prison official on a prisoner's First Amendment claim in part because the plaintiff failed to offer any evidence to support his allegation that his magazines were returned to the publisher.).

To the extent plaintiff intended to assert a retaliation claim against Meyer, the claim also fails. In order to sustain a First Amendment retaliation claim, plaintiff must establish that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the [d]efendant[']s decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

At his deposition, plaintiff testified that part of his allegations related to retaliation. *See* Pl.'s Dep. at 79; [84-1] at 21. He specifically stated that the mail room retaliated against him because "they cut[] off the phone [and] a lot of [his] mail and stuff . . . wouldn't get [delivered] for months." *Id.* Plaintiff claims this was done in retaliation for filing a grievance and the instant suit. *Id.* Aside from these conclusory statements, plaintiff has offered no evidence to support a retaliation claim. This, again, is insufficient to survive summary judgment.

4

The Seventh Circuit has repeatedly held that "speculation may not be used to manufacture a genuine issue of fact." *Williams v. Raemisch*, 545 Fed. Appx. 525, 529 (7th Cir. 2013) (quoting *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008)). Thus, even if the court gives plaintiff the benefit of the doubt and accepts his conclusory statements that his phone privileges were cut off and his mail was delayed because he filed the instant suit, he has offered no evidence to support the fact that the filing of the instant suit or the filing of prior grievances were the "motivating factors" for Meyer to delay the delivery of his mail. Furthermore, plaintiff fails to allege that Meyer has personally taken retaliatory action against plaintiff. Instead, he testified that he believed the "mailroom" was retaliating against him. Pl.'s Dep. at 79; [84-1] at 21. As the court previously mentioned, liability under Section 1983 requires a showing of personal involvement. *Felton v. Ericksen*, 366 Fed. Appx. 677, 680 (7th Cir. 2010). In the amended complaint, plaintiff has not even alleged that Meyer engaged in retaliatory conduct, (*see* [40] at 1-2), let alone presented evidence that she did. Accordingly, to the extent plaintiff intends to assert a First Amendment retaliation claim against Meyer, the claim fails.

For the reasons stated above, defendant Wendy Meyer's motion for summary judgment [82] is granted.

Date: 7/01/2014          ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices. (LC)

5